## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## AT LOUISVILLE

**CAROL J. LUCAS,**

                                **Plaintiff**

**v.**                                                        **Civil Action No.**
                                                             **3:04CV568-J**

**JO ANNE B. BARNHART, Commissioner**
 **Social Security Administration,**
                                **Defendant**

## <u>MEMORANDUM OPINION</u>

This case presents plaintiff Carol Lucas's challenge to the decision of the Commissioner

denying her claim to disability insurance benefits.  After examining the materials of record, the

arguments of the parties and the applicable authorities, the Court is of the opinion that the

Commissioner's decision should be set aside and the matter remanded for further proceedings.

Ms. Lucas filed her application in August of 2002, alleging that she had been unable to

engage in any substantial gainful activity since December of 2001.  Her treating physician, Dr.

Newstadt, submitted a report restricting to ten pounds the amount of weight Ms. Lucas could lift,

and stating that she would need to lie down during the day.  After a hearing, the Administrative

Law Judge ("ALJ") determined that Ms. Lucas had severe impairments, but that they did not

prevent her from performing her past relevant work as a salesclerk.  In reaching this conclusion,

the ALJ necessarily rejected Dr. Newstadt's opinion.

It has long been established that the special position occupied by a treating physician

calls for his or her opinion to be accorded great weight.  While the ALJ is not bound by the

1

opinions of a treating physician, he is required to set forth some basis for rejecting that opinion. Shelman v. Heckler, 821 F.2d 316, 321 (6th Cir. 1987);  MacGregor v. Bowen, 786 F.2d 1050, 1053 (11th Cir. 1986).  The underlying basis for according greater weight to the opinion of a treating physician is the fact that one who has seen a patient over a period of time is in a better position to evaluate complaints, relate incidents to previous events.   In Wilson v. Commissioner, 378 F.3d 541 (6th Cir. 2004), the court confirmed the weight ordinarily due the opinion of a treating physician.  Wilson also underlined the fact that the courts are bound to hold the Commissioner to the requirements of 20 C.F.R. Section 404.1527(d)(2), which calls for the ALJ to state clear reasons for rejecting or for limiting the weight given the opinion of a treating physician.  See also Soc.Sec.Rul. 96-2p.

In rejecting Dr. Newstadt's opinion, the ALJ stated as follows:

> The possibility always exists that a doctor may express an opinion in an effort to assist a patient with whom he or she sympathizes for one reason or another .... While it is difficult to confirm the presence of such motives, they are more likely in situations where the opinion in question departs substantially from the rest of the evidence of record, as in the current case.  It appears that the doctor relied quite heavily on the subjective report of symptoms and limitations provided by the claimant, and seemed to uncritically accept as true most, if not all, of what the claimant reported.

Tr. 25.  The ALJ proceeded to base his decision on the opinion of a one-time examining physician who did not have access to the radiological studies, and who explicitly stated that seeing such studies would be very helpful in forming a medical opinion.  Plaintiff contends that the ALJ committed legal error in his evaluation of the treating physician's opinion.  This Court agrees.

In Wilson v. Commissioner, the Court noted the specific requirements of 20 C.F.R. Sec. 404.1527(d)(2): "If the opinion of a treating source is not accorded controlling weight, an ALJ

2

must apply certain factors--namely, the length of the treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, supportability of the opinion, consistency of the opinion with the record as a whole, and the specialization of the treating source--in determining what weight to give the opinion."  Wilson, supra, at 544.   The ALJ's decision in this case does not reflect any consideration of most of these factors.

Dr. Newstadt treated Ms. Lucas over a long period of time.  Her records reflect her clinical findings.  For example, in May of 2002, Dr. Newstadt observed that Ms. Lucas was in "marked pain," and that she was unable to do straight leg raising.  Tr. 131.  Dr. Newstadt based her opinion not only on her Ms. Lucas' subjective reports, but also on her own clinical observations and on objective testing.  For example, Dr. Newstadt ordered radiological studies that indicated underlying disc disease (Tr. 135-136), and she was aware of electrodiagnostic evidence indicating both carpal tunnel and cubital tunnel syndrome.  Tr. 94.  In setting out her opinion, Dr. Newstadt demonstrated the ability to distinguish between her clinical assessment and reliance on subjective report.  For example, she noted "severe back pain, right hip pain, *subjective* bilateral leg weakness" (emphasis supplied).  Tr. 222.

The Court concludes that the ALJ failed to comply with the requirements of  20 C.F.R. Section 404.1527(d)(2) in failing to consider the specified factors.  The Court also concludes that a vague statement such as "the possibility always exists" is hardly a statement of clear reasons for the weight given the treating physician's opinion.  Soc.Sec. Rul. 96-2p.  As noted in Wilson, "The requirement of reason-giving exists, in part, to let claimants understand the disposition of their cases, particularly in situations where a clamant knows that his physician has deemed him disabled and therefore might be especially bewildered when told by an administrative

3

bureaucracy that she is not, unless some reason for the agency's decision is supplied."

Furthermore, the ALJ's legal error cannot simply be overlooked because the ALJ has relied on other medical evidence.  "A court cannot excuse the denial of a mandatory procedural protection simply because ... there is sufficient evidence in the record for the ALJ to discount the treating source's opinion and, thus, a different outcome on remand is unlikely."  Wilson, 378 F.3d at 546.  Remand for compliance with applicable regulations is required.

An order in conformity has this day entered.